UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORRINA CONTE,

    Plaintiff,

v.

    Case Number:

CIRCLE K STORES, Inc.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendant's, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked as a laborer for Defendant and performed related, non-exempt activities for Defendant in Citrus County, Florida.

3. Plaintiff was not paid overtime for all of the hours she worked beyond 40 and even 50 hours in a single workweek.

4. Plaintiff was engaged by Defendant to work in what amounted to a labor position in 2010. On September 2016, Plaintiff was terminated by Defendant.

5. Plaintiff was paid an hourly wage, not a salary. Plaintiff was not subject to any exemptions under the FLSA. Plaintiff was often referred to as an "assistant-manager" by Defendant, but Defendant intentionally misclassified Plaintiff, who performed primarily blue collar work throughout her employment. In addition, Plaintiff did not hire or fire employees.

Plaintiff did not participate in budgetary decision making or policies. Plaintiff did not enter into contracts on behalf of the Defendant. Plaintiff did not have discretion with respect to what products were carried in the store nor did Plaintiff have discretion in regard to the pricing of items in the store or discounting items for sale in the store. Plaintiff routinely spent time cleaning bathrooms and maintaining the interior and exterior of the store by stocking shelves, checking in vendors and picking up trash.

6. Defendant required Plaintiff fifty hours plus per the majority of weeks of her employment. Plaintiff's supervisors were aware of the true nature and extent of Plaintiff's labor for Defendant. Defendant did not pay one-and-one-half times Plaintiff's regular rate for all hours worked beyond 40 in a single workweek nor for those hours over 50 hours in a given week at the correct and lawful rate of pay.

7. Defendant failed to keep accurate time records representing Plaintiff's time worked during catered events.

8. Plaintiff worked for Defendant in Citrus County, Florida.

9. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 50 hours per week or more since his hire.

10. Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

11. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

12. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in not properly recording time spent working was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant's, at the expense of Plaintiff.

13. Defendant is a for profit corporation that operates and conducts business in, among others, Citrus County, Florida, and is therefore, within the jurisdiction of the Court.

15. Defendant, at all relevant times to this amended complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce dealing with interstate customers and using computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to cater to tourist from out of state.

16. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

17. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Citrus County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

18. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the real estate industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue

and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

19. At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA. This would include to doing hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures. Plaintiff worked for Defendant times in which Defendant failed to properly or fully record the entirety of the time Plaintiff worked.

20. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 50 hours per nearly every week during her employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 50 hours per week, including time for which Defendant made no provisions to properly record. In fact, on December 6, 2016, Plaintiff issued a letter to Defendant asking to be paid for all the time that she worked for Defendant and Defendant did not issue a

substantive reply nor did Defendant contest the fact that Plaintiff has worked time for Defendant for which Defendant failed to properly pay, and in some cases even record.

21. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## **COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION**

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, above.

23. Plaintiff, and those similarly situated to her, are/were entitled to be paid their regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over fifty. Plaintiff, she routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours she worked.

24. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, their correct premium rate of pay for each hour worked beyond 40 and even 50 hours in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA as well as costs and attorney fees.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

DATED: 1-24-17
PRINT NAME: Corrina Conde
SIGNATURE: Corrina Conde


DATED this 24th day of January, 2017,

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com


/s/ W. John Gadd
W. John Gadd
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com